UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGG S. BOSNAK,
Plaintiff,
v.
THE OLYMPIC CLUB,
Defendant.

Case No. 26-cv-03400-RFL

**ORDER TO SHOW CAUSE REGARDING SUBJECT-MATTER JURISDICTION**

Re: Dkt. No. 1

Gregg S. Bosnak filed this wage-and-hour and retaliation lawsuit presenting only state law claims in state court. The Olympic Club nonetheless removed it to federal court, contending that there is federal question jurisdiction because the Labor Management Relations Act of 1947 ("LMRA") preempts some of Bosnak's claims. Specifically, Olympic Club argues that some of Bosnak's state law claims are barred by Cal. Lab. Code § 514, which exempts employees covered by a collective bargaining agreement ("CBA") meeting certain requirements. Since Olympic Club contends Bosnak cannot assert those claims under state law, it contends they are really claims under the CBA masquerading as state law claims.

This Court has previously concluded that under *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019), claims that fall within Section 514 and similar exemptions are preempted by the LMRA and therefore give rise to federal question jurisdiction under the complete preemption doctrine. However, a growing minority of courts have persuasively concluded that *Curtis* did not and could not have held that Section 514 gives rise to the complete preemption doctrine. *Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194, at *4–5 (N.D. Cal. Dec. 18, 2025); *see also Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp.

3d 696, 705–06 (N.D. Cal. 2025); *Sica v. Silicon Valley Mech., Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906, at *1 (N.D. Cal. May 13, 2026). Those courts reason that Section 514 constitutes an affirmative defense under California law, and both the Supreme Court and prior Ninth Circuit panels squarely held that "the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987); *Cortes*, 2025 WL 3685194, at *4–5. *Curtis* could not overrule that precedent.

Accordingly, Olympic Club is **ORDERED TO SHOW CAUSE** in a written statement of no more than five pages by **October 5, 2026** why this case should not be remanded to state court for lack of subject-matter jurisdiction. Bosnak may file a response to Olympic Club's statement, also of no more than five pages, by **October 13, 2026**.

**IT IS SO ORDERED.**

Dated: September 21, 2026

RITA F. LIN
United States District Judge