UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGG S. BOSNAK,

Plaintiff,

v.

THE OLYMPIC CLUB,

Defendant.

Case No. 26-cv-03400-RFL

**ORDER REMANDING CASE**

Re: Dkt. No. 25

The Olympic Club removed this wage-and-hour and retaliation lawsuit raising only state law claims to federal court, contending that there is federal question jurisdiction because the Labor Management Relations Act of 1947 ("LMRA") preempts some of Gregg S. Bosnak's claims. The Court identified a potential lack of subject-matter jurisdiction and ordered Olympic Club to show cause why the case should not be remanded to state court. For the reasons stated below, the case is **REMANDED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

The LMRA preempts state law claims if (1) "the asserted cause of action involves a right . . . [that] exists solely as a result of the CBA" or (2) the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (citations omitted). This Court has previously concluded that under *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019), claims that fall within Cal. Lab. Code § 514 and similar exemptions are preempted at step one of the *Burnside* test, and therefore give rise to federal question jurisdiction under the complete preemption doctrine. *See, e.g.*, *Hooks v. S.F. Opera Ass'n*, No. 23-CV-04703-RFL, 2024 WL 1091189, at *1–2 (N.D. Cal. Jan. 19, 2024);

*Radford v. Nexstar Broad., Inc.*, No. 24-CV-08118-RFL, 2025 WL 829601, at *2 (N.D. Cal. Mar. 14, 2025). However, a growing minority of courts have persuasively concluded that *Curtis* did not and could not have held that Section 514 gives rise to the complete preemption doctrine. *Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194, at *4–5 (N.D. Cal. Dec. 18, 2025); *see also Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 705–06 (N.D. Cal. 2025); *Sica v. Silicon Valley Mech., Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906, at *1 (N.D. Cal. May 13, 2026). Those courts reason that Section 514 constitutes an affirmative defense under California law, and both the Supreme Court and prior Ninth Circuit panels squarely held that "the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987); *Cortes*, 2025 WL 3685194, at *4–5. *Curtis* could not overrule that precedent. In light of the growing minority view, the Court is persuaded that its prior reasoning was incorrect, and that Olympic Club's anticipated defense of Section 514 cannot create federal question jurisdiction.

Olympic Club alternatively argues that some of Bosnak's claims are preempted at step two of the *Burnside* test because they will require interpretation of the relevant CBA. To the extent that it contends that this interpretation is necessary to determine if Section 514 applies, that argument cannot give rise to jurisdiction for the reasons discussed above. And to the extent that Olympic Club contends that the elements of Bosnak's claims require interpretation of the CBA, it has not identified any "active dispute" over the meaning of the CBA's terms. *See Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (citation omitted). Though Bosnak's claims might require "refer[ring] to the pay rates listed in the CBAs to identify the applicable regular rate of pay," that "does not trigger § 301 preemption." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1090 (9th Cir. 2025) (citation omitted). Nor do the dispute resolution procedures in the CBA provide a basis for federal jurisdiction. *Id.* at 1091–95. As a result, Bosnak's claims are not preempted at step two.

Accordingly, this case is **REMANDED** to the Superior Court of California, County of

San Francisco. The Clerk of Court shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: October 16, 2026

RITA F. LIN
United States District Judge